```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

DEBRA MANSFIELD, on behalf of
herself and others similarly
situated,

                     Plaintiff,

vs.                                      Case No. 2:07-cv-401-FtM-29SPC

CASTAWAYS BACKWATER CAFÉ, INC., a
Florida Corporation, d/b/a CASTAWAYS
BACKWATER CAFÉ, and TEDDI ROZE,
individually,

                     Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Dismiss Defendants' Counterclaims for Lack of Subject Matter Jurisdiction (Doc. #27) filed on November 16, 2007. Defendants individually filed identical Responses (Doc. #28; Doc. #29) on November 21, 2007. Therefore, the matter is ripe for review.

**I.**

Plaintiffs mount a facial attack on the subject matter jurisdiction of the court to consider the counterclaim. A facial attack challenges subject matter jurisdiction based on the allegations in the complaint; the court takes the allegations in the complaint as true; and the complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Morrison v. Amway Corp., 323 F.3d 920, 924 (11th Cir. 2003). Plaintiffs filed

a one count Amended Complaint claiming that they were denied overtime pay in violation of the Fair Labor Standards Act (FLSA). (Doc. #22, p. 3.)  Defendants filed an Answer and Counterclaim against Plaintiffs.  (Doc. #26.)  The counterclaim alleges that Plaintiffs Konrad Sayles and Debra Mansfield failed to repay loans to Defendants.  (Doc. #26, pp. 2-3.)

**II.**

Plaintiffs move to dismiss the counterclaim for lack of subject matter jurisdiction.  Plaintiffs admit that federal courts generally have supplemental jurisdiction over counterclaims which are sufficiently related to the allegations asserted in a complaint.  (Doc. #27, pp. 1-2.)  However, Plaintiffs argue that Defendants' counterclaim in this case is wholly unrelated to the allegations in the Amended Complaint and thus cannot be considered by this Court.  (Id. at p. 2.)  Defendant counters that this Court has supplemental jurisdiction over the counterclaim because it is compulsory and not permissive.  (Doc. #28, p. 1; Doc. #29, p. 1.)

**A.**

Defendants' counterclaim arises under state law and thus the Court has no independent federal jurisdiction to hear the claims. However, the Court can exercise supplemental jurisdiction "over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."  28 U.S.C. § 1367(a); see also FED. R. CIV. P.

13(a); <u>Arcusa v. Lisa Coplan-Garder, P.A.</u>, 2007 WL 3521986, at *1 (M.D. Fla. Nov. 15, 2007)(holding that in order to have supplemental jurisdiction over the state law claims, it must be shown that the state law claims presented are compulsory, rather than permissive).

The Court agrees with Plaintiff that the counterclaim is wholly unrelated to the allegations of the Complaint.  There is no relationship between the issue of whether Defendants failed to pay Plaintiffs' overtime wages and whether Plaintiffs failed to repay loans from Defendants.  Most of the facts relating to the prosecution and defense of Plaintiffs' claim are distinct from the facts needed to litigate Defendants' counterclaim.  Therefore, the Court finds that the counterclaim to recover on loans is unrelated to the FLSA claim, and thus is permissive rather than compulsory. <u>See</u> F<small>ED</small>. R. C<small>IV</small>. P. 13(b)(defining permissive counterclaims as a counterclaim against an opposing party which is not compulsory).

**B.**

This Court's conclusion that the counterclaims are permissive rather than compulsory does not mean that they must be dismissed. Courts have recognized that permissive counterclaims, with no independent basis for federal jurisdiction, can proceed forward when the counterclaim is seeking only a setoff. <u>See, e.g.</u>, <u>Carhart v. Gulfstream Homes</u>, No. 2:08-cv-224-FtM-29SPC, 2008 WL 2415032, *4 (M.D. Fla. June 12, 2008); <u>Cole v. Supreme Cabinets, Inc.</u>, No. 3:06-cv-772-J-33TEM, 2007 WL 1696029, *4 (M.D. Fla. June 12, 2007);

Robinson v. Roofs, Structures & Mgmt., Inc., No. 8:07-cv-1518-T-24TBM, 2007 WL 4468695, *2 (M.D. Fla. Dec. 18, 2007)(collecting cases). The counterclaim for setoff can only be used to reduce the plaintiff's recovery, and cannot seek affirmative relief. See Cole, 2007 WL 1696029, at *4. Therefore, the Court will deny Plaintiffs' Motion to Dismiss, and allow Defendants' counterclaim to go forward only as a setoff for the purpose of reducing any recovery Plaintiffs may obtain on their Complaint. The Court need not decide at this time the extent of the setoff which will be allowed if Defendants prevail on the counterclaim. See, e.g., Singer v. City of Waco, 324 F.3d 813, 828 n.9 (5th Cir. 2003)(citing Brennan v. Heard, 491 F.2d 1 (5th Cir. 1974))(noting that an offset should not result in an employee's wages falling below the statutory minimum wage).

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion to Dismiss Defendants' Counterclaims for Lack of Subject Matter Jurisdiction (Doc. #27) is **DENIED**. Defendants may maintain their counterclaims solely as a setoff.

**DONE AND ORDERED** at Fort Myers, Florida, this __7th__ day of July, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Charles Hess
DCCD