UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBRA MANSFIELD,

                      Plaintiff,

-vs-                                                                             Case No.   2:07-cv-401-FtM-29SPC

CASTAWAYS BACKWATER CAFE, INC.,
a Florida corporation, d/b/a CASTAWAYS
BACKWATER CAFE, and TEDDI ROZE,
individually,

                      Defendants.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

       This matter comes before the Court on the Joint Notice of Filing and Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment (Doc. #47) filed on July 15, 2008.

       This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq*. The Parties have reached a settlement agreement and seek court approval of that agreement.  In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  According to the Joint Motion for Approval of Settlement Agreement (Doc. #47) submitted by the parties,  the Defendants have agreed to pay the Plaintiffs the total consideration of $40,000.00, including attorneys fees and costs, to be distributed as outlined below.

The Plaintiff, Debra Mansfield, originally claimed that her estimated overtime wages were $9, 162.00 plus liquidated damages for a total of $18, 324.00. A compromise was reached between the parties and the Plaintiff agreed to accept $8,000.00 as a settlement of her claim in addition to attorney's fees and costs.

The opt-in Plaintiff, Sandra Speciale, originally claimed that her estimated overtime wages were $4,796.00 plus liquidated damages for a total of $9,692.00. A compromise was reached between the parties and the Plaintiff agreed to accept $4,000.00 as a settlement of her claim in addition to attorney's fees and costs.

The Opt-In Plaintiff, Konrad Sayles, originally claimed that his estimated overtime wages were $22,425.00 plus liqiudated damages for a total of $44,850.00. A compromise was reached between the parties and the Plaintiff agreed to accept $12,000.00 as a settlement of his claim in addition to attorney's fees and costs.

The Plaintiff and Counsel agreed to a contingency retainer agreement approved by the Florida Bar. Pursuant to the agreement, Plaintiff's Counsel is to receive forty percent (40%) of the total amount recovered on behalf of the Plaintiffs, plus any costs incurred. Under the Florida Bar Rules of Professional Conduct, a contingency fee of forty percent (40%) is reasonable if an answer has been filed or if one of the parties has demanded appointment of an arbitrator. Fla. Bar R. 4-1.5(4)(B)(i)(b)(1). As a result of the contingency fee retainer, actual billing hours were not considered in determining what a reasonable fee would be for the litigation involved in this case. As previously stated, the total amount of the settlement was $40,000.00. Pursuant to the contingency fee retainer agreement, the Plaintiff's Counsel is to receive $16,000.00 in attorneys fees and costs

which is forty percent (40%) of the settlement amount. Further, Plaintiff's Counsel has agreed to waive its recovery of the costs incurred.

Because the Plaintiffs have agreed that the settlement figure was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with Counsel, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Joint Notice of Filing and Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment (Doc. #47) should be **GRANTED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this  4th  day of August, 2008.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record